IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:99-CR-8-JRN-1 |
| | § | |
| JOHN MICHAEL BERLINGER, | § | |
| Defendant (1) | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE JAMES R. NOWLIN**
   **UNITED STATES DISTRICT JUDGE**

Before the Court is the petition of the United States Probation Office recommending that the Court revoke Defendant's term of supervised release. The Magistrate Court submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### PROCEDURAL BACKGROUND

Defendant pled guilty to possession with intent to distribute lysergic acid diethylamide (LSD), in violation of 21 U.S.C. § 841(a)(1). On September 20, 2001, Defendant was re-sentenced to 60 months' imprisonment, followed by five years of supervised release. Defendant's supervision began on December 26, 2002.

On June 19, 2003, the Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition"). Dkt. 74. The Probation Office alleged that Defendant violated conditions of release and sought a show-cause hearing as to why Defendant's supervised release should not be revoked. A warrant was issued for Defendant's arrest.

On April 4, 2020 – nearly 17 years later – Defendant was arrested in the Southern District of California, San Diego Division, when crossing into the United States from Mexico at the San Ysidro, California, Port of Entry. He was released on personal recognizance bond on April 10, 2020, and remains in California. *See* Dkts. 78, 89.

In the Petition, the Probation Officer alleges that Defendant violated the following conditions of release:

> **Violation of Condition No. 2:** "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."
>
> **Violation of Condition No. 6:** "The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."

The Petition alleges that Defendant failed to report as scheduled on May 7, 2003. On May 13, 2003, Defendant's apartment manager informed the Probation Office that Defendant had moved without proper notice and was two months past due on his rent.

On July 28, 2020, pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the undersigned conducted a revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. In the interests of justice, the hearing was conducted by video teleconference due to the exigent circumstances created by the COVID-19 pandemic. Both parties consented to proceed by video teleconference, and the defendant, his attorney, and the attorney for the Government were present throughout the hearing. The Magistrate Judge finds that the video teleconference was sufficient to assess the voluntariness of the proceeding, the defendant's credibility, and his understanding. Defendant and his attorney consented to

allocution before a United States Magistrate Judge, and Defendant waived his right to a preliminary hearing. Defendant pled "True" to the violation of Conditions No. 2 and 6.

## FINDINGS OF THE COURT

1. Defendant violated Conditions No. 2 and 6 of his supervised release by his conduct, as alleged in the Petition.

2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.

3. Defendant waived his right to a preliminary hearing.

4. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

5. Defendant had both a factual and rational understanding of the proceedings against him.

6. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

7. Defendant was sane and mentally competent at the time of these proceedings.

8. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

9. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

11. The Government, without objection from Defendant, gave a summary of the evidence against Defendant.

12. Defendant freely, intelligently, and voluntarily pled "True" to the violation of Conditions No. 2 and 6 alleged in the Petition.

13. The Court finds that Defendant violated Conditions No. 2 and 6 of his term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

## **FACTORS CONSIDERED**

The Court has considered the factors set out in Title 18, United States Code § 3583(e), which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:[1]

    a.    the nature and circumstances of the offense, § 3553 (a)(1);
    b.    the history and characteristics of Defendant, (a)(1);
    c.    the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
    d.    the need to protect the public, (a)(2)(C);
    e.    the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
    f.    the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
    g.    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
    h.    the need to provide restitution to any victims of the offense, (a)(7).

## **RECOMMENDATIONS**

The Magistrate Court has carefully considered all of the arguments of counsel and the evidence presented by the parties and has taken judicial notice of the pre-sentence report, as well as the Petition, the Adjustment Summary, and the Violation Conduct Computation prepared by the Probation Office. The undersigned also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.

The Magistrate Court finds the following factors particularly compelling in this case: the need to afford adequate deterrence to criminal conduct, the need to protect the public, and the need to provide Defendant with medical care. At 74 years old and in ill health, Defendant presents little risk to the public through further criminal conduct. Defendant also has serious

---

[1] The factors in § 3553(a)(2)(A), namely, the seriousness of offense, respect for the law, and just punishment, were not considered by the Court.

health issues requiring medical care. These same health problems, including chronic obstructive pulmonary disease, put Defendant at increased risk for severe illness from COVID-19, making him a poor candidate for imprisonment during the current pandemic.

For these reasons, the Magistrate Court recommends that Defendant's term of supervised release be **REVOKED**. The Magistrate Court further recommends that Defendant be sentenced to **time served with no additional term of imprisonment**. Finally, the Magistrate Court recommends that the District Court **not impose supervised release**.

## WARNINGS

In writing after the Court stated on the record its recommendation in this case, the parties waived the fourteen-day period in which they may file objections to this Report and Recommendation. Dkt. 94. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Servs.' Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for action by the District Court.

**SIGNED** on August 3, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE